**UNITED STATES COURT OF APPEALS**
**FOR THE FOURTH CIRCUIT**

| | |
|---|---|
| MATTHEW A. LeFANDE<br><br>Appellant,<br><br>v.<br><br>UNITED STATES OF AMERICA<br>Bureau of Alcohol, Tobacco,<br>Firearms and Explosives<br><br>Appellee. | APPEAL No.<br>26-2090 |

**MOTION FOR A PROCEDURAL ORDER**
**Local Rule 25(b)**

The Appellant hereby moves to dispense with the Informal Briefing Order made by this court on August 12, 2026. Docket # 2. The present motion necessarily relates to the preparation of the briefs on appeal and therefore may be acted upon by the Clerk in accordance with Local Rule 25(b).

In support of this Motion, Appellant Matthew LeFande states the following:

1. LeFande made notice in this appeal on August 7, 2026 from the United States District Court for the Eastern District of Virginia.

2. Seeing that the Appellant is *pro se*, the Clerk properly made an Informal Briefing Order on August 12, 2026. Docket # 2.

3. On August 17, 2026, shortly after LeFande was granted access to this court's ECF system, he made a Motion for Injunction Pending Appeal. Docket # 6.

4. Apparently, such Motion was made in the proper form and on that date, the court directed the Appellee agency to respond to the Motion by August 27, 2026. Docket # 11.

5. The Appellant agency failed to respond and such Motion remains pending before the court.

6. The Appellant's Informal Opening Brief is due on September 8, 2026, Docket # 11.

## ARGUMENT

This court's Local Rule 34(b) provides as a matter of course that whenever any *pro se* appeal is filed the Clerk shall notify the Appellant that Appellant shall file, within 21 days after service of such notice, an informal brief, listing the specific issues and supporting facts and arguments raised on appeal. The Rule further provides that the Court will limit its review to the issues raised in the informal brief. See, *e.g.*, *Stewart v. VCU Health System Authority*, 478 F. App'x 757 (4th Cir. 2012) (*per curiam*).

This Appellant maintains a concern that he is not putting his best foot forward by writing upon preprinted forms about arcane issues regarding his procedural rights under the Privacy Act. Given the substantial injuries to him already incurred a result of a lack of appropriate judicial review of his claims, the Appellant asks for his cause to now be considered in the rarified air of the formal briefing process. See FRAP 2(a) ("On…a party's motion, a court of appeals may — to expedite its decision or for other good cause — suspend any provision of these rules in a particular case and order proceedings as it directs…") Not to be too presumptuous, but the Appellant proposes that his pending Motion for an Injunction, Docket # 6, demonstrates a familiarity with the court's Rules regarding formal briefing sufficient to be granted this relief.

Should the Clerk act promptly upon this Motion, the Appellant believes that he can remain within the confines of the original briefing deadline. However, given that there is a motion pending for interstitial relief, Docket # 6, the Appellant has no objection to now staying the briefing deadlines altogether pending disposition of that motion, particularly if the court's decision there helps to refine the issues to be later argued. Given that the Appellee agency has failed to respond altogether, none of the proceedings should be unduly delayed in this regard.

CONCLUSION

For these reasons, and for such other reasons as the court finds to be good and sufficient cause, this Motion should be GRANTED and the August 12, 2026, Informal Briefing Order be withdrawn and a new briefing schedule issued or stayed.

Respectfully submitted, this 28th day of August 2026,

Matthew A. LeFande
PO Box 22
Midland VA 22728
540 346 3760
matthew.lefande@cpi-va.us
Appellant, *pro se*

**Certificate of Compliance under FRAP 32(a).**

1. This Motion complies with the type-volume limitation of Fed. R. App. P. 27(d)(2) because the brief contains 555 words, excluding those parts exempt from counting by Fed. R. App. P. 32(f).

2. This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because this brief has been prepared in a proportionally spaced typeface using Microsoft Word in 14 point Times New Roman.

CERTIFICATE OF SERVICE

I hereby certify that I served a true and complete copy of the foregoing Motion to the ATF's counsel via electronic filing, this 28th day of August 2026.

Matthew LeFande